14091.  THOMPSON v. PRICE.

STEPHENS, J.  1.  Where a cropper has settled with his landlord for all advances made and has delivered to the landlord the latter's part of all the crops raised except certain cotton in the possession of the cropper which, under the terms of the contract, is to be divided between the landlord and the cropper, a transformation by the cropper of such remaining cotton into two bales of different weights, one weight representing the amount of cotton that belongs to the landlord and the other weight representing the amount of cotton belonging to the cropper, amounts to a division of the cotton, since each man's portion is identified by the different weights; and, upon delivery by the cropper to the landlord of the bale representing the landlord's portion of the cotton, the landlord's title to the other bale is immediately divested from the landlord and vested in the cropper. This is true even though both bales are at the same time placed by the cropper in the landlord's possession. Civil Code (1910), § 3705.

2. This being a suit upon open account by the cropper against the landlord to recover of the latter an amount equal to the value of the cotton belonging to the cropper at the time of its delivery to the landlord, and not a suit for damages for the alleged negligent destruction of the cotton by the landlord, the destruction of the cotton by fire while in the possession of the landlord is immaterial. Where the above facts appear undisputed from the evidence, the plaintiff is not entitled to recover; and in this case a verdict in his favor was unauthorized.

<em>Judgment reversed. Jenkins, P. J., and Bell, J., concur.</em>

DECIDED JULY 16, 1923.

Complaint; from city court of Hinesville — Judge W. C. Hodges. September 27, 1922.

*S. B. Brewton,* for plaintiff in error.

*Darsey & Mills,* contra.